**J.A.P. Marc–Eddy LAJOIE, Plaintiff–Appellant,**

v.

**NEW YORK STATE DEPARTMENT OF CIVIL SERVICE, Defendant–Appellee.**

**No. 10–2594–cv.**

United States Court of Appeals, Second Circuit.

Jan. 25, 2012.

J.A.P. Marc–Eddy Lajoie, pro se, East Lansdowne, PA, for Appellant.

Patrick J. Walsh, Assistant Solicitor General, of Counsel, Michael S. Belohlavek, Senior Counsel, Barbara D. Underwood, Solicitor General, for Eric T. Schneiderman, Attorney General of the State of New York, New York, NY, for Appellees.

PRESENT: ROBERT A. KATZMANN and GERARD E. LYNCH, Circuit Judges, and LEWIS A. KAPLAN,* District Judge.

## SUMMARY ORDER

Appellant J.A.P. Marc–Eddy Lajoie, proceeding *pro se*, appeals from a district court judgment granting the motion of the New York State Department of Civil Service ("the Department") to dismiss his employment discrimination complaint raising claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In reviewing the dismissal of a complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "we review factual findings for clear error and legal conclusions *de novo.*" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir.2008). Additionally, "[w]e review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002).

Here, liberally construing his briefs, we conclude that Lajoie's only discernable challenges to the judgment on appeal are: (1) his conclusory objection to application of Eleventh Amendment immunity to bar his claims under the ADEA and under Title I of the ADA; and (2) his assertion that the district court erred by concluding that his Title VII claims were untimely. Having conducted an independent and *de novo* review of the record and case law, we affirm these portions of the district court's judgments for substantially the same reasons stated by the district court in its decision. Any other arguments that Lajoie made below have been abandoned on appeal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir.1995) (holding that issues not raised in a *pro se* brief were abandoned). To the extent that Lajoie has argued in his brief that a January 2009 letter from the Department, notifying him of his eligibility for appointment under section 55–b of the New York Civil Service law, rendered his 2009 charge of discrimination relating to a 1994 civil service exam timely under the continuing violation theory, his argument is without merit. *See Fitzgerald v. Henderson*, 251 F.3d 345, 359–60 (2d Cir.2001) ("[A] plaintiff may not rely on a continuing violation theory of timeliness unless she has asserted that theory in the administrative proceedings."). Accordingly, the judgment of the district court is hereby **AFFIRMED.**

* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.